FILED
SUPERIOR COURT
OF GUAM

2012 FEB -8 AM 9: 28

CLERK OF COURT

BY: _____ ___ __ _____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. CM0636-11 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DECISION AND ORDER** |
| MARIO H. JULIAN, | ) | **ON DEFENDANT'S MOTION TO** |
| | ) | **DISMISS** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter came before the HONORABLE VERNON P. PEREZ on November 16, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant, who was present. Attorney Nelson J. Werner appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with assault as a misdemeanor. Defendant requests dismissal as he argues that the time from the filing of the criminal complaint against him to the time he was arraigned was in violation of the recent decision handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14.

## DISCUSSION

Defendant argues that the case be dismissed for violation of the rule put forth in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*"). *See also* 8 GCA §60.10. The recent Supreme Court decision requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II*, the Guam Supreme Court found that delay from the Government continuing with a separate charge before proceeding on the second crime was not good cause delay. Here, the Government alleges the prosecution of the case was not done in a negligent manner. The Government claims that it expedited all proceedings as much as possible against Defendant. The Government believes that

good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government bodies affiliated with criminal proceedings that exist for the Speedy Trial Right. On the other hand, Defendant argues that even the courts and its officers are subject to the speedy arraignment right created in *Rasauo II*. That is the crux of the issue before the Court now. Does good cause delay exist where the Court system does not get a defendant to the hearing for arraignment until 60 days after the complaint was filed?

Defendant argues that *Rasauo II* aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32. Defendant argues that in dismissal requests arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal. Defendant concludes in arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's first appearance within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay. In addition, the Government claims that it would be unreasonable to ask that the calendar for courts be subject to a 60 day window for arraignments of criminal defendants.

The Court finds no relevant precedent in case law to base its decision, but finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) shortly after that statement, which provides:

> "the welfare of the people of the territory of Guam requires that all

proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice". (2010).

Therefore, the Guam Supreme Court made it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. Here, there clearly was more than 60 days from complaint to arraignment and court created delay can require dismissal if there is no good cause. The issue now becomes whether there was good cause for the delay the court and its officers created in getting Defendant to arraignment?

The Government filed the complaint, May 26, 2011 without requesting a summons be issued from the Court. The Court first issued a summons on June 8, 2011 ordering Defendant to appear July 13, 2011 at 10:00a.m.. Defendant did not show and it is not clear whether or not Defendant was notified of that hearing. In a perfect world, the Defendant would have been arraigned 48 (from May 26, 2011- July 13, 2011) days after the complaint was filed. Yet, Defendant did not appear and it is not clear whether or not Marshals put forth enough effort to locate Defendant or whether or not a good cause excuse existed for the violation of prompt arraignment. It is abundantly clear that if Defendant purposely delayed service or intentionally failed to appear after being notified of a hearing date, good cause would be found. It is also clear that if the Defendant did nothing to delay service, or had no notice of a hearing date, and the Marshalls put forth lackluster efforts to notify Defendant then good cause would not be found. Here, with 12 days left before a violation of the Prompt Arraignment Right the Court issued just its second summons with a hearing date set for August 31, 2011 more than a month beyond the 60 day limit.

As the Supreme Court said only good cause would prevent dismissal, it becomes the Government's burden to show good cause once the 60 day window has expired. Here, no evidence suggests that Defendant was notified of the summons or that he actively evaded service or intentionally failed to appear at court. Therefore, the Government cannot claim good cause where evidence exists indicating a failure to put forth reasonable efforts to notify Defendant of

his hearing date. Once the summons was reissued on July 15, 2011, however, no attempts of service were logged until the date of Defendant's first expected appearance expired, which was August 31, 2011. In the second summons, the Court required Defendant to appear on August 31, 2011 which is far in excess of the 60 day limit. In addition, the file is void of any failed attempt at service. There is simply not a single attempt to serve the summons on the Defendant from the date of the second summons issued on July 13, 2011 to August 31, 2011. On September 1, 2011 the Court issued a bench warrant. Defendant was arrested on the bench warrant the same day, less than five hours after the bench warrant was issued. Presumably, the Marshals were able to find Defendant fairly easily once they began looking for him. Absent a showing of some inclination that Defendant was evading service or otherwise hard to find, the Court cannot find good cause. In addition, the Court and the Marshals have Defendant's address on file, the same address used to locate Defendant to serve upon him the bench warrant. Evidently, no attempts were made to serve the Defendant with the second summons or locate the Defendant until one month beyond the expiration of the 60 day limit.

The Court generally must assume that a bench warrant was issued because locating the Defendant was difficult but here no documented attempts at normal service were made to bring the Defendant to court. The Court must also assume that good cause exists for delay beyond the 60 days where a defendant cannot reasonably be located as many jurisdictions have found similarly. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 815 So. 2d 1222, 1224-24 (Miss. App. 2001); *See also Henson v. State*, 832 S.W. 2d 269 (Ark. App. 1992); *See also State v. Vailencour*, 914 P.2d 767 (Wash. App. 1996). However, there is no evidence that Defendant could not be reasonably located. On the contrary, Defendant was found the same day the bench warrant went out and his address was on file. No attempts at service were made and the Government appears to have failed in making a reasonable search.

As to the time period after Defendant was appointed Counsel to actual arraignment, the Court finds good cause to exist. Attorney's must be given time to get up to speed on a client's case and be given ample opportunity to explain the events to the client so that defendants facing criminal charges understand the system, complaint and upcoming procedures. Here, the Court

scheduled 20 days between appointment of Counsel to arraignment and that appears to be fair under the circumstances. Any period of time significantly larger than that and the Court would be hard-pressed to find good cause.

In a recent decision by this Court, the discussion was based on similar grounds. In that case, dismissal was denied because throughout the delay, the Marshalls recorded several attempts at personal service and this Court found good cause. In this instance, not a single attempt at service was recorded in the file. There is a presumption that the Marshalls performed their duties diligently, but in this circumstance, the Court sees no effort at all put forth and no indication that Defendant was hard to find.[1] Where there is no indication either way, the Court will assume that the Marshals, as any Court Officer, performed their duties. The presumption is voided where the existing evidence indicates a lack of effort on behalf of the Marshals. The Court believes that in most of these cases, the Defendant should be required to show that he did not purposefully evade service. Here, this Court is confident that the Marshalls and the Court itself could have done a great deal more to arraign Defendant sooner.

Even after Defendant was served a copy of the bench warrant and arrested on September 1, 2011, he was not given an arraignment date until September 7, 2011. 104 days expired from May 26, 2011 to September.[2] The Court is unable find any days remaining on the clock after good cause is considered in allowing Defendant's attorney to get up to speed. Here, no document, record or statement indicates efforts put forth to locate the Defendant by the Government or by court officers at any time after the complaint was filed. The Court finds no good cause for any delay from the filing of the complaint to appointment of Counsel.

The Courts recognize that the *Rasauo II* decision is very recent and that most of the failures to arraign defendants promptly are not in bad faith as the Government and court staff did not previously know of the 60 day limit. Thus, the Court would be remiss to dismiss this case with prejudice without showing some negligence to prosecute cases on behalf of the Government

---

[1] Absent other evidence, the Court must presume that public officers have fulfilled their official duties. *U.S. v. Chemical Foundation*, 272 U.S. 1, 6 (1926); *See The Confiscation Cases*, 87 U.S. 92 (1873).

[2] 8 GCA § 1.25(a) discusses the method in which computation of time is done. The first day in which the event or time to be calculate begins is not included in the determination.

or some knowledge of the 60 day limit by the court staff. This case is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

So **ORDERED** this ____ day of February, 2012.

FEB 0 8 2012

Original Signed By:

HON. VERNON P. PEREZ
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

FEB 0 8 2012

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /